1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         SOUTHERN DISTRICT OF CALIFORNIA
10
11   ALFREDO SAAVEDRA,                 )   Civil No. 10cv2312 L(POR)
                                       )
12                 Plaintiff,          )   **ORDER DENYING WITHOUT**
                                       )   **PREJUDICE EX PARTE MOTION**
13   v.                                )   **FOR EXTENSION OF TIME TO**
                                       )   **SERVE DEFENDANT CRAIG**
14   ALBIN MANUFACTUING CORP.,  *et*   )   **SMITH [doc. #20]**
     *al.*,                            )
15                                     )
                   Defendants.         )
16   ─────────────────────────────     )

17          Plaintiff seeks a 120-day extension of time in which to serve defendant Craig Smith. The

18   Complaint was filed on November 9, 2010. Under Federal Rule of Civil Procedure 4(m), the

19   summons and complaint must be served within 120 days after the filing of the complaint.

20   Accordingly, service of process on defendant Craig Smith was required by March 9, 2011 but

21   plaintiff's request[1] for an extension of time was filed on March 16, 2011.

22          Federal Rule of Civil Procedure 4(m) requires a showing of good cause for an extension

23   of time in which to serve a defendant. And Federal Rule of Civil Procedure 6(b) provides the

24   court with discretion to grant extensions of time. This is so even when the request is made after

25   the expiration of the time period to be extended, provided the request is made by motion and the

26   delay was caused by excusable neglect. FED. R. CIV. P. 6(b)(1)(B).

27   ─────────────────────

28          [1]     Requests for action by the Court must be filed as either a motion or an ex parte
     motion. In this case, the Court construes plaintiff's request as an ex parte motion.

1     *Pioneer Investment Services Company v. Brunswick Associates* established a balancing

2 test to determine whether an untimely filing is due to excusable neglect. 507 U.S. 380, 395

3 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*). The determination

4 whether neglect is excusable is an equitable one that depends on at least four factors:

5         (1) the danger of prejudice to the non-moving party, (2) the length of delay and its
potential impact on judicial proceedings, (3) the reason for the delay, including
6         whether it was within the reasonable control of the movant, and (4) whether the
moving party's conduct was in good faith.

7

8 *Pincay*, 389 F.3d at 855 (citing *Pioneer*, 507 U.S. at 395).

9     Plaintiff does not discuss any of the pertinent factors under *Pioneer* in his request and has

10 offered no explanation for his failure to seek an extension of time in a prompt manner. Further,

11 in the absence of a showing that a 120-day extension is necessary, such an extensive time period

12 is excessive.

13     Because plaintiff has not made an appropriate showing that a 120-day extension of time is

14 warranted, plaintiff's request is **DENIED WITHOUT PREJUDICE**.

15     **IT IS SO ORDERED.**

16 DATED:  March 17, 2011

17 _____

18 M. James Lorenz
United States District Court Judge

19 COPY TO:

20 HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

21

22 ALL PARTIES/COUNSEL

23

24

25

26

27

28

10cv2312