UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFREDO SAAVEDRA,

            Plaintiff,
v.                                    Case No. 8:11-cv-1893-T-33TBM

ALBIN MANUFACTURING CORP., ET
AL.,
            Defendants.

_____/

**ORDER**

This cause is before the Court pursuant to the Motion to
Dismiss (Doc. # 28) filed by Defendants Fred W. A. Peters,
Albin Manufacturing Corp. and Albin Marine, Inc. (collectively
"Albin") on September 23, 2011. Plaintiff Alfredo Saavedra
filed a Response (Doc. # 35) on November 3, 2011. For the
reasons that follow, the Court grants the Motion to Dismiss as
described more fully below.

**I.    Background**

Saavedra    filed    suit    in    the    Southern    District    of
California on November 9, 2010 (Doc. # 1) and filed an eight-
count Amended Complaint (Doc. # 3) as a matter of course on
November 22, 2010. He alleges that a 2007 Albin 40 North Sea
Cutter (the "yacht"), purchased from Albin on or about
September 3, 2006, for $355,000, is overtly defective and not
a new boat as represented to Saavedra. (Id. at 2). Saavedra

alleges that the yacht was the subject of a lawsuit between Albin and one of its dealers, who rejected it for having such poor quality manufacturing that it could not be sold. (Id. at ¶¶ 31-33). Saavedra asserts that Albin attempted to cover up the defects prior to delivery to Saavedra and tampered with the Hull Identification Number (HIN) to disguise the yacht's origins. (Id. at ¶¶ 29, 31-33). The yacht was delivered to Saavedra in Florida in June 2007, almost a year after the sale. (Id. at ¶ 27).

On February 4, 2011, Defendants filed a motion to dismiss for lack of personal jurisdiction, improper venue and failure to state a claim upon which relief can be granted. (Doc. # 11). The California court found that Saavedra failed to establish either general or specific jurisdiction over any defendant in that state. (Doc. # 23 at 6). The court further found that venue would lie in Connecticut, where Defendants reside, or Florida, where the yacht was delivered. (Id. at 7). The parties agreed that Florida is an appropriate venue for this action, and the case was accordingly transferred to this District on August 19, 2011. (Doc. # 24). Because it lacked jurisdiction, the California court did not address Defendants' assertion that some of Saavedra's claims are barred by the applicable statutes of limitation. (Doc. # 23 at 7).

Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 28) is now before this Court. Peters, who is president of Albin, moves to dismiss all claims against him because Saavedra fails to allege any basis to hold Peters personally liable for the asserted causes of action. (<u>Id.</u> at 1). Peters further alleges that Counts I and IV are barred by the applicable statutes of limitations, and that Counts II and III are brought under California statutory law and cannot be maintained in Florida. (<u>Id.</u> at 2). Peters also asserts that Count VIII must be dismissed because it was brought under California law and insufficiently pled. (<u>Id.</u> at 14-15).

Albin moves to dismiss Counts I through IV and VIII for the same reasons. (<u>Id.</u> at 2). Albin filed an Answer and Affirmative Defenses as to Counts V through VII. (Doc. # 29).

Saavedra has no objection to dismissing the claims against Peters *without* prejudice, particularly as to Count VII for fraud. (Doc. # 35 at 6). He further states that he has no objection to dismissal of Counts I through IV as to Albin, or of Count VIII as to Albin with leave to amend. (<u>Id.</u>).

## II. <u>Legal Standard</u>

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the

light most favorable to the plaintiff.  <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted).  In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).  Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

## III. <u>Analysis</u>

In light of Saavedra's Response to the Motion, the Court will focus its analysis on whether dismissal should be with or

without prejudice. Generally, dismissals under Rule 12(b)(6) are considered judgments on the merits unless the court states otherwise. <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1190 (11th Cir. 2003). However, the Eleventh Circuit has held that a plaintiff may seek leave to amend after dismissal "unless the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes dismissal of the action." <u>Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO</u>, 724 F.2d 1552, 1554 (11th Cir. 1984).

## A.  **Claims against Defendant Fred W. A. Peters**

Peters asserts that Saavedra has failed to allege any factual basis to hold Peters personally liable for the acts of Albin. (Doc. # 28 at 6). "In Florida, personal liability can only be imposed upon a corporate officer who has signed a contract in his personal capacity or who has used the corporate entity for fraudulent purposes or where the corporation was merely the alter ego of the shareholders." <u>Mitutoyo Am. Corp. v. Suncoast Precision, Inc.</u>, No. 8:08-mc-36-T-TBM, 2011 WL 2802938, at *7 n.21 (M.D. Fla. July 18, 2011) (internal quotations and citations omitted).

Saavedra does not allege that Peters signed the Purchase Agreement in his personal capacity. However, Saavedra does

allege that "each defendant acted individually and jointly with the other defendant named in the Complaint." (Doc. # at ¶ 9). This vague, conclusory allegation is insufficient to survive Peters's Motion to Dismiss, particularly with regard to the fraud claim (Count VII). Nonetheless, the Court declines to find, at this juncture, that no amendment could establish Peters's personal liability in this matter.

### B. <u>Counts I through III</u>

Counts I through III are more problematic. Defendants argue that Count I, for Breach of Implied Warranties pursuant to the Magnuson-Moss Act, is time-barred. Defendants further assert that Count II, for violation of the California Consumer Legal Remedies Act, and Count III, for breach of the Song-Beverly Warranty Act, cannot be maintained now that the case has been transferred to Florida.

"Because Magnuson-Moss contains no express statute of limitations, district courts must look to the most analogous state statute to determine what statute of limitations to apply." <u>Horne v. Harley-Davidson, Inc.</u>, 660 F. Supp. 2d 1152, 1157 (C.D. Cal. 2009). Courts have held that state "Lemon Laws" (such as California's Song-Beverly Warranty Act) are analogous. <u>Id.</u> Florida courts have held that Florida's Lemon Law covers watercraft. <u>Brufsky v. Parker Marine Enters., Inc.</u>,

6

No. 96301-CIV-FtM-17D, 1997 WL 158309, at *6 (M.D. Fla. March 27, 1997). Florida's Lemon Law has a three-year statute of limitations period that commences with the delivery of the vehicle in question. Williams v. Potamkin Motor Cars, Inc., 835 So.2d 310, 311 (Fla. 3d DCA 2002). Here, Saavedra alleges that the yacht was delivered in July 2007, but he did not file suit until November 9, 2010. Thus, the Court finds that Count I is time-barred.

Given that this matter was transferred to Florida due to lack of personal jurisdiction over Defendants in California, the Court finds that Saavedra can no longer maintain his claims under California's Consumer Legal Remedies Act, Cal. Civ. Code § 1770 (Count II) or the Song-Beverly Warranty Act, Cal. Civ. Code § 1792 (Count III). Furthermore, Saavedra's claim under Cal. Civ. Code § 1770 appears to be time-barred. See Cal. Civ. Code § 1783 ("Any action brought under the specific provisions of Section 1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice."). The Court therefore dismisses Counts II and III with prejudice.

## C.    Count IV

In Count IV, Saavedra alleges that "the sale of the yacht violates the Florida Deceptive and Unfair Trade Practices Act,

Fla. Stats. §§ 501.202 et seq. as fully set forth above."
(Doc. # 3 at ¶ 64). Defendants accordingly key upon the date
Saavedra made a down payment on the yacht, August 4, 2006, and
assert that Saavedra's claim is barred by FDUTPA's four-year
statute of limitations. They cite various authority supporting
the proposition that the statute of limitations commences on
the "purchase date" of the product. See Point Blank Solutions
v. Toyobo Am., Inc., No. 09-61166-CIV, 2011 WL 2214357, at *2
(S.D. Fla. June 7, 2011) (finding that the FDUTPA claim
accrued on the date of sale).

   "The FDUTPA provides a cause of action for '[u]nfair
methods of competition, unconscionable acts or practices, and
unfair or deceptive acts or practices in the conduct of any
trade or commerce....'" Sundance Apartments I, Inc. v. General
Elec. Capital Corp., 581 F. Supp. 2d 1215, 1220 (S.D. Fla.
2008) (quoting Fla. Stat. § 501.204(1)). Nothing in that
language suggests that FDUTPA is limited to the sale of a
product. Furthermore, "[u]nder Florida law, a cause of action
accrues, for statute of limitations purposes, when the last
element constituting the cause of action occurs." Id. at 1223.

   Saavedra alleges a series of deceptive acts, including
attempts to disguise the yacht's defects and tamper with its
HIN, leading up to the delivery of the yacht in July 2007.

Although Count IV focuses on the date of sale, the Amended Complaint suggests other factual bases for a FDUTPA claim that may fall within the four-year statute of limitations. The Court therefore dismisses Count IV without prejudice.

### D. <u>Count VIII</u>

Defendants argue that Count VIII, for Common Law Breach of Warranty, must be dismissed because it lacks necessary specificity and was brought under California law. (Doc. # 28 at 14, 17). However, Defendants concede that Saavedra could amend this claim with greater specificity and with reference to Florida law. (<u>Id.</u> at 15, 17). Accordingly, the Court dismisses Count VIII without prejudice.

## IV. <u>Conclusion</u>

Upon due consideration of the well-pled allegations of Saavedra's Amended Complaint, which the Court must accept as true at this juncture, the Court determines that it is appropriate to dismiss Counts I through III with prejudice. The Court dismisses the remaining claims as to Peters without prejudice. The Court further dismisses Counts IV and VIII as to Albin without prejudice. If Saavedra chooses to file a motion for leave to amend, he is reminded of the April 27, 2012, deadline set forth in the Court's Case Management and Scheduling Order (Doc. # 37).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Motion to Dismiss by Defendants Fred W. A. Peters, Albin Manufacturing Corp. and Albin Marine, Inc. (Doc. # 28) is **GRANTED** as follows:

(1) Counts I through III are dismissed with prejudice.

(2) Counts IV through VIII are dismissed without prejudice as to Defendant Fred W. A. Peters only.

(3) Counts IV and VIII are dismissed without prejudice as to Defendants Albin Manufacturing Corp. and Albin Marine, Inc. only.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>27th</u> day of January, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record